

**BCLP.**
Bryan Cave Leighton Paisner

BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York NY 10104 3300
T: +1 212 541 2000
F: +1 212 541 4630
bclplaw.com

February 12, 2024

Jonathan E. Ginsberg
Partner
Direct: +1 212 541 1130
Fax: +1 212 541 1430
jon.ginsberg@bclplaw.com

Honorable Jessica G. L. Clarke
U.S. District Court Judge, S.D.N.Y.
40 Foley Square, New York, NY 10007

Re:   *Ornua Foods North America, Inc., et al. v. Abbey Specialty Foods, LLC*, Case No. 1:23-cv-01212-JGLC
<u>Letter Requesting Permission to File Documents Under Seal</u>

Dear Judge Clarke:

We represent Plaintiffs Ornua Foods North America, Inc. and Ornua Co-Operative Limited (individually and collectively, "Ornua") in the above-captioned matter.

Pursuant to Rule 5(d) of the Court's Individual Rules and Practices in Civil Cases, we are writing with the consent of counsel for Defendant Abbey Specialty Foods, LLC ("Abbey") to respectfully request that the Court permit Ornua to file under seal or in redacted form the following documents (the "Opposition Papers"), in connection with Ornua's opposition to Abbey's Re-Submission of Previously Made Motion to Dismiss or in the alternative for Summary Judgment (Dkt. 44-1) (the "Motion"):

- Portions of Ornua's Memorandum of Law opposing ECF44, Abbey's Re-Submission of Previously Made Motion to Dismiss or in the alternative for Summary Judgment;
- Portions of Ornua's Response to ECF 44-1, Abbey's Statement of Material Facts and Ornua's Additional Statement of Material Facts opposing Abbey's Re-Submission of Previously Made Motion to Dismiss or in the alternative for Summary Judgment; and
- All of the Confidential Declaration of Kate Saul opposing Abbey's Re-Submission of Previously Made Motion to Dismiss or in the alternative for Summary Judgment.

This letter motion follows a meet and confer process, where counsel for Ornua advised Abbey that it wishes to redact or seal certain documents and information in Ornua's Opposition Papers, and Abbey consented to such filing with redactions or under seal.

Ornua seeks to seal or redact certain confidential and sensitive business information stated in the Confidential Declaration of Kate Saul—Ornua's sales and financial information, market share, and brand awareness—and references to that information in Ornua's Memorandum of Law and Additional Statement of Facts. Good cause exists for sealing and redacting this information because it is competitively-sensitive and nonpublic data, including sensitive and confidential sales and market share information obtained under a subscription contract with Circana (formerly

known as IRi), which Circana has requested, and Ornua has agreed, to request the Court to have sealed from the public record.

Ornua's sales, market share, and brand awareness data "fall into categories commonly sealed: those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like. Non-public data of this nature is sensitive and potentially damaging if shared with competitors." *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (cleaned up) (quoting *Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) and *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014)). *See, e.g., See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing highly proprietary material concerning the party's marketing strategies, product development, costs, and budgeting); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015), *on reconsideration in part*, No. 13-CV-8171 JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (granting motion to seal highly confidential sales information, including pricing information which is not available to the public).

This Court has noted that "'Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard'" and that "'[d]ocuments falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'" *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021), *granting motion to seal and quoting Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019) and *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999).

The right of public access to judicial documents is not absolute and "the court must balance competing considerations against it." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) "Courts in this District [] routinely seal documents to prevent the disclosure of confidential business information" (*id.*), such as the sales and brand awareness data and information at issue here. *See News Corp. v. CB Neptune Holdings, LLC*, 21-cv-04610, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories for which courts have sealed or redacted sensitive business information, including "sales and revenue" information, "qualitative market research," as well as "confidential proprietary information, pricing, rates… other non-public commercial, financial, research or technical information."). For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"—can "outweigh the presumption of public access" and justify sealing, especially with

respect to the types of information at hand. *Hanks v. Voya Retirement Ins. & Annuity Co.*, No. 16-CV-6399(PKC), 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Here, there is no public interest to be served by the disclosure of Ornua's precise sales, market share, or brand awareness data. Rather, public disclosure only risks competitive harm to Ornua, and to non-party Circana. Thus, the balance heavily supports granting Ornua's request to file the Opposition Papers under seal or with redactions. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal license agreements, invoices, and documents relating to marketing strategy); *Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV. 7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing exhibits that would cause defendant "competitive injury" if disclosed). *Cf. United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts.")

Should Your Honor require any further information, we are available to appear before the Court for a conference at any time at the Court's convenience to discuss this request.

Based on the foregoing, Plaintiff respectfully requests that Your Honor enter an Order allowing Plaintiff to file the Confidential Documents under seal and/or with redactions.

_____/s/ Jon Ginsberg_____

Jon Ginsberg

cc: All Counsel of Record (via ECF)

This letter-motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 45 and seal ECF Nos. 49, 51, and 52. Access is restricted to attorneys appearing for the parties and court personnel.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: February 14, 2024
       New York, New York